**IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION**

| | | |
|---|---|---|
| **SETH TAYLOR, # 331874,** | **)** | |
| | **)** | |
| **Petitioner,** | **)** | |
| | **)** | |
| **v.** | **)** | **No. 3:25-cv-00659** |
| | **)** | |
| **Darren Hall,** | **)** | **JUDGE CAMPBELL** |
| | **)** | |
| **Respondent.** | **)** | |

<u>**MEMORANDUM OPINION AND ORDER**</u>

Petitioner Seth Taylor filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his pretrial detention. (Doc. No. 1).

## I. INITIAL REVIEW

### A. Legal Standard

Rule 4 of the Rules Governing § 2254 Cases ("Habeas Rules")[1] requires the Court to examine the Petition to ascertain as a preliminary matter whether "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Habeas Rule 4. The Court is not only "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face," *McFarland v. Scott*, 512 U.S. 849, 856 (1994), but "has a duty to screen out" such petitions. *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (citing 28 U.S.C. § 2243).

### B. The Petition

The Petition challenges the legality of proceedings in Davidson County case number 2024-A-491. (Doc. No. 1 at 2.) In that case, Petitioner is charged with one count of aggravated

---

[1] The Habeas Rules apply to Section 2241 cases as well as Section 2254 cases. *See* Habeas Rule 1(b).

1

sexual abuse of a child, five counts of rape of a child, and two counts of aggravated sexual battery. *See State v. Taylor*, 2024-A-491.[2] Petitioner asserts his rights to a speedy trial and to be free from excessive bail, as well as his rights to due process and the effective assistance of counsel. (Doc. No. 1 at 6−7.) He asks this Court for dismissal of his indictment, release on his own recognizance, or an immediate "evidentiary/bond hearing." (*Id.* at 8).

**C. Analysis**

Petitioner challenges the legality of his pretrial detention under 28 U.S.C. § 2241, which authorizes the Court to entertain a habeas application from a person "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Section 2241 petitions filed while state charges are still pending are typically dismissed as premature, unless they present exhausted claims that the proceedings violate double jeopardy or speedy trial rights, *Ealy v. Schrand*, No. CV 2:20-21-DCR, 2020 WL 1031026, at *1–2 (E.D. Ky. Mar. 3, 2020) (citing, *e.g., Atkins v. Michigan*, 644 F.2d 543, 546 (6th Cir. 1981) and *In re Justices of Superior Court Dept. of Mass. Trial Ct.*, 218 F.3d 11, 17−18 (1st Cir. 2000)), or that the setting of bail pending trial was unreasonable. *Atkins*, 644 F.2d at 549. While "[a] state pretrial detainee may bring a federal habeas action to demand a speedy trial" pursuant to Section 2241, he "may not generally seek habeas relief to forestall state prosecution altogether." *Abernathy v. U.S. Marshal Serv.*, No. 2:08-CV-14663, 2008 WL 4858442, at *1 (E.D. Mich. Nov. 10, 2008) (citing *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489−91 (1973)).

---

[2] The Court may take judicial notice of such facts. *See* Fed. R. Evid. 201 (allowing judicial notice of adjudicative facts at any stage of the proceedings); *see also Lyons v. Stovall*, 188 F.3d 327, 332 n.3 (6th Cir. 1999) ("[F]ederal courts may take judicial notice of proceedings in other courts of record." (quoting *Granader v. Pub. Bank*, 417 F.2d 75, 82–83 (6th Cir. 1969))). The online docket for Taylor's Davidson County prosecution is available by search at https://sci.ccc.nashville.gov/Search/Search.

Even when a colorable Section 2241 claim is presented, the Court must abstain from exercising habeas jurisdiction as a matter of comity "if the issues raised in the petition may be resolved either by trial on the merits or by other available state procedures." *Abernathy*, 2008 WL 4858442, at *1 (citing *Atkins*, 644 F.2d at 546). "Intrusion into state proceedings already underway is warranted only in extraordinary circumstances." *Atkins*, 644 F.2d at 546; *see Younger v. Harris*, 401 U.S. 37, 45 (1971). The requirement that a federal habeas petitioner first exhaust his available state remedies is thus "especially forceful in a situation involving a speedy trial claim," because the remedy for such a violation will either involve dismissal of the indictment (if the petitioner establishes that the delay has prejudiced his defense) or a federal order requiring the state to bring the petitioner promptly to trial—remedies which "could not be more disruptive of pending state actions." *Atkins*, 644 F.2d at 546−47.

Here, the Petition does not demonstrate that Petitioner "availed himself fully of the state machinery in attempting to have the state commence trial on the charges pending against him," as required to properly exhaust a speedy trial claim. *Atkins*, 644 F.2d at 547. In particular, the Petition does not indicate suggest that Petitioner filed a motion for speedy trial, that he appealed from the denial of any such motion, or that he sought mandamus or other relief in the Tennessee Court of Criminal Appeals to remedy the trial court's failure to rule on any such motion. (*See* Doc. No. 1 at 2) (indicating that Petitioner has not appealed any state-court rulings).

In contrast, the Supreme Court has found the exhaustion requirement met where the claimant demonstrated that he had made "repeated demands for trial to the courts of Kentucky, offering those courts . . . an opportunity to consider on the merits his constitutional claim of the present denial of a speedy trial." *Braden*, 410 U.S. at 490 (noting that "[i]t is important that petitioners reach state appellate courts" in their efforts to exhaust). And the Sixth Circuit has found

3

an unreasonable bail claim exhausted only after the claimant appealed the matter to the intermediate state appellate court and sought leave to further appeal to the state supreme court. *Atkins*, 644 F.2d at 550. Here, the Petition fails to support an inference that Petitioner's speedy-trial or excessive-bail claims have been fully exhausted.

Petitioner's due process claim based on alleged failure to turn over discovery (Doc. No. 1 at 7) and his ineffective-assistance claim based on counsel's failure to communicate (*id.*) are not properly before the Court in this pretrial habeas case and will therefore be dismissed. *See Greene v. Tennessee*, No. 3:24-cv-01153, 2025 WL 2044184, at *3 (M.D. Tenn. July 21, 2025) (explaining that such claims may be brought, if ever, only after a final conviction in state court and exhaustion of state-court remedies).

In sum, given the ongoing proceedings against Petitioner in state court and his failure to exhaust available remedies there, the Court cannot find that his "only recourse was to the federal courts by way of a petition for habeas corpus." *Atkins*, 644 F.2d at 550. Accordingly, the Court must refrain from exercising jurisdiction under Section 2241.

## II.    CONCLUSION

As explained above, upon initial review of the Petition, it plainly appears that Petitioner is not entitled to habeas relief in district court at this time. Further proceedings in this Court are not warranted.

Accordingly, this case is **DISMISSED** as premature, without prejudice to Petitioner's ability to refile a habeas petition after fully exhausting his state remedies.

Plaintiff's two Motions of Declaration (Doc. Nos. 10, 11) are **DENIED** as moot.

Because "a plain procedural bar is present" in this case and jurists of reason could not find that it was incorrectly invoked or that Petitioner should be allowed to proceed further, no certificate

of appealability shall issue. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). For the same reasons, the Court **CERTIFIES** that any appeal from this dismissal would not be taken in good faith. 28 U.S.C. § 1915(a)(3).

This Order denies all relief in this case. Final judgment **SHALL** issue in accordance with Rule 58(b)(1)(C) of the Federal Rules of Civil Procedure.

It is so **ORDERED**.

WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE

5